```
UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53
```

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 11, 2005[*]
Decided May 13, 2005

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 04-4309

| | |
|---|---|
| BRIAN J. LeMOINE,<br>         *Plaintiff-Appellant*,<br><br>         *v.*<br><br>MILWAUKEE COUNTY,<br>         *Defendant-Appellee*. | Appeal from the United States<br>    District Court for the<br>    Eastern District of Wisconsin.<br><br>No. 04-C-0225<br><br>**William E. Callahan, Jr.**,<br>*Magistrate Judge*. |

**O R D E R**

When the state of Wisconsin began publishing its court records over the Internet (using its Consolidated Court Automation Programs ("CCAP") system), it drew upon information from various other court-record databases, including one maintained by Milwaukee County. Unfortunately, technical errors in the conversion process led to the overstatement of some defendants' criminal histories. For example, the CCAP system mistakenly reported that Brian LeMoine was convicted of a felony in 1983, when in fact he pleaded the charge down to two misdemeanors. It also mischaracterized his 1987 misdemeanor battery conviction as a felony.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

LeMoine sued Milwaukee County under 42 U.S.C. § 1983, claiming that it had defamed him by misreporting his criminal history, making it more difficult for him to obtain housing and employment. A magistrate judge (proceeding by consent of the parties, *see* 28 U.S.C. § 636(c)) granted summary judgment for the defendant, finding that LeMoine presented no evidence that his injury was caused by an official policy, practice, or custom of the County, as required under *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). *See Killinger v. Johnson*, 389 F.3d 765, 771 (7th Cir. 2004).

On appeal, LeMoine argues that such a custom or practice is shown by the fact that the CCAP system misreported not one but two of his past convictions. In fact, LeMoine submitted evidence to the district court that the problem of overstating criminal histories was widespread: most notably, a 2002 e-mail written by the Chief Information Officer of the Wisconsin Court System describing the systemic errors produced by the conversion of data from local court systems to the CCAP. However, this evidence shows only that the errors may have been caused by the state of Wisconsin, which was responsible for the CCAP conversion. The injurious practice, if any, was not the County's. We therefore **A**FFIRM the judgment in the County's favor.